IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FLEXIBLE INNOVATIONS, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | **4-05 CV - 021 - A** |
| v. | § | CIVIL ACTION NO. |
| | § | |
| AMERICAN COVERS, INC. d/b/a | § | A JURY IS DEMANDED |
| HANDSTANDS, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Flexible Innovations, Ltd., by and through its attorneys, alleges that:

### I. PARTIES

1.      Plaintiff Flexible Innovations, Ltd. is a limited partnership organized under the laws of the State of Texas, having its principal place of business at 1120 South Freeway, Suite 204, Fort Worth, Texas 76104, and is sometimes hereinafter referred to as "FI."

2.      Upon information and belief, Defendant American Covers, Inc. d/b/a HandStands is a corporation organized under the laws of the State of Utah, having offices at 102 W. 12200 S, Draper, Utah 84020. Summons may be delivered to Defendant by and through its President and Registered Agent, Gary Deaton at 102 W. 12200 S, Draper, Utah 84020. Defendant American Covers, Inc. d/b/a HandStands is sometimes hereinafter referred to as "ACI."

3.     Upon information and belief, Defendant ACI is a foreign corporation, which has in the past and continues to date, to engage in business in the State of Texas, but has not designated nor maintained agents for service of process in the State of Texas. Upon information and belief, Defendant ACI has sold a wide variety of goods in and through the State of Texas, including but not limited to those Texas sales generated as a result of its (i) sales representatives and/or employees that make sales and sales calls in Texas; and (ii) its internet websites at www.handstands.com, www.americancovers.com, and www.mousemat.com. Upon information and belief, Defendant ACI has solicited business and made sales in Tarrant County and elsewhere in the State of Texas as a result of its marketing efforts, all purposeful acts occurring in the State of Texas for Defendant ACI to avail itself of the protections and privileges of the State of Texas; that these causes of action arise from such business activities within the State of Texas; and that the conferring of jurisdiction over Defendant ACI in this court is not offensive to traditional notions of fair play and substantial justice.

## II. JURISDICTION AND VENUE

4.     This action is for acts of infringement of federal trademark rights and federal unfair competition, all arising under the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1051 et seq. This court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a). This court has jurisdiction over the related common law and state claims pursuant to the court's pendent jurisdiction under 28 U.S.C. § 1338(b). Venue is proper in this district pursuant to 28 U.S.C. § 1391. Furthermore, there is full diversity

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                 **Page 2**
F \STOR\RLS\FLEXI\ACI\COMPLNT.WPD

between Plaintiff FI and Defendant ACI, and the amount in controversy substantially exceeds $100,000, exclusive of interests and costs.

### III. PLAINTIFF FI'S RIGHTS

5.     Since at least as early as the summer of 2003, Plaintiff FI has nationally marketed and sold its line of anti-slip, shock absorption applique products (hereafter "Products") known by its "EGRIPS" trademark.  Plaintiff FI has had widespread sale of its "EGRIPS" Products, which have been distributed nationally and sold through well known retail outlets such as Radio Shack, Comp USA, and Office Depot.

6.     Plaintiff FI is the owner of all right, title, and interest in and to U.S. Trademark Registration No. 2,899,410, as issued on November 2, 2004, for "EGRIPS," a true and accurate copy of which is attached hereto as Pleading Exhibit A.

7.     Plaintiff FI has become known and recognized in the industry as providing its high quality Products to the consuming public that are identified by its "EGRIPS" mark. Further, Plaintiff FI's "EGRIPS" mark has acquired secondary meaning in the marketplace as indicating Plaintiff FI as the source or origin of its Products.

8.     Plaintiff FI has promoted its "EGRIPS" Products in a variety of media, including print media, attendance at national trade shows, and participation at industry meetings.

### IV. DEFENDANT ACI'S ACTIVITIES

9.     Upon information and belief, Defendant ACI is currently marketing and selling a product known as its "IGRIP" sticky pad.  Upon information and belief, Defendant ACI

offers for sale and sells its "IGRIP" product as a result of its multiple internet websites, a copy of a screen shot of which is attached as Pleading Exhibit B.

10.    Upon information and belief, Defendant ACI has actively promoted its "IGRIP" product in the same general lines of commerce that Plaintiff FI has promoted its "EGRIPS" Products.  Indeed, both Plaintiff FI and Defendant ACI displayed and marketed their respective "EGRIPS" and "IGRIP" products at the recent Consumer Electronics Show in Las Vegas, Nevada during January 6-9, 2005.

11.    Upon information and belief, the principals of Defendant ACI have long been aware of Plaintiff FI's "EGRIPS" Products.

12.    Upon information and belief, as a result of sales of its "IGRIP" products generated by virtue of marketing efforts in Tarrant County, in the Northern District of Texas, and elsewhere, Defendant ACI has misappropriated Plaintiff FI's inherently distinctive "EGRIPS" trademark by adopting the confusingly similar mark "IGRIP" for its similar products.

13.    Upon information and belief, Defendant ACI's products are of the same general type as those marketed and sold by Plaintiff FI.  Defendant ACI's use of the "IGRIP" mark is likely to cause confusion, mistake, and to deceive the public in that Defendant ACI's products are likely to be mistaken for and confused with Plaintiff FI's "EGRIPS" Products.

14.    Furthermore, Defendant ACI's use of the "IGRIP" trademark is likely to create the mistaken impression in the public that Defendant ACI's products are endorsed by

Plaintiff FI, or that Defendant ACI is sponsored by or affiliated with, or in some manner associated with Plaintiff FI.

15.     The acts of Defendant ACI, as alleged herein, are without the license, permission, or consent of Plaintiff FI.

16.     The acts of Defendant ACI, as alleged herein, have caused, and unless restrained by the Court, will continue to cause serious and irreparable harm to Plaintiff FI and to the goodwill associated with Plaintiff FI's distinctive "EGRIPS" trademark.

17.     Defendant ACI's utilization of a mark that so closely resembles and mimics Plaintiff FI's "EGRIPS" trademark, while Plaintiff FI continues to currently and actively expand the sales of its Products, if allowed to continue, may destroy or irreparably injure Plaintiff FI's market for its "EGRIPS" Products in this District, in Texas, and elsewhere.

18.     Plaintiff FI's remedy at law is not adequate to compensate it for the injury threatened, since it is entitled to be in control of the use of its "EGRIPS" mark to advertise, market, promote, and sell its Products, and to identify Plaintiff FI as the source and origin of its well known, high quality Products, and all good will appertaining thereto.

## V. COUNT ONE
## INFRINGEMENT UNDER THE LANHAM ACT

19.     Plaintiff FI repeats and realleges paragraphs 1 through 18 of this Complaint and the acts of Defendant ACI as set forth therein or incorporated herein as a pleading to this Count.

20.     The unauthorized use by Defendant ACI of the "IGRIP" trademark in association with Defendant ACI's offering for sale and selling of its products in commerce constitutes an infringement of Plaintiff FI's U.S. Trademark Registration No. 2,899,410 and

related trademark rights, which is likely the cause of Plaintiff FI's injuries and damages in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

21.  The unauthorized use by Defendant ACI of the "IGRIP" mark in association with Defendant ACI's offering for sale and selling of its products in commerce constitutes an adoption of a mark, which constitutes a false designation of origin – a knowingly false description or representation – regarding the goods offered or sold by Defendant ACI in commerce and an infringement that is likely to cause Plaintiff FI injury and damage in violation of § 43(a) of the Lanham Act, 15 U.S.C.§ 1125(a).

## VI.  COUNT TWO
## COMMON LAW VIOLATIONS AND UNFAIR COMPETITION

22.  Plaintiff FI repeats and realleges paragraphs 1 through 21 of this Complaint and the acts of Defendant ACI as set forth therein or incorporated herein as a pleading to this Count.

23.  On information and belief, Defendant ACI has infringed and continues to infringe upon Plaintiff FI's common law rights by adopting and using a colorable imitation of Plaintiff's distinctive "EGRIPS" mark, namely, "IGRIP," as used in association with its marketing, offering for sale, and sale of Defendant ACI's products, knowing full well of Plaintiff FI's prior rights in and to its "EGRIPS" mark, as used on Plaintiff FI's Products.

24.  Upon information and belief, Defendant ACI intentionally selected the "IGRIP" mark for use with its products so as to trade upon the well developed goodwill and reputation of Plaintiff FI as a result of the widespread advertising, marketing, and sale of Plaintiff FI's "EGRIPS" Products.  The use of FI's mark by Defendant ACI, when used in

connection with its goods offered to others, is confusingly similar with Plaintiff FI's "EGRIPS" mark as used with its Products.

25. Upon information and belief, Defendant ACI's adoption and use of the "IGRIP" mark has enabled it to deliberately pass-off and palm-off its goods as those of Plaintiff FI with the intention to deceive and defraud the public.

26. Upon information and belief, such actions of Defendant ACI not only deceive the purchasing public, but cause irreparable injury to Plaintiff FI's business and good will and further damage Plaintiff FI's ability to expand its operations. Defendant ACI's usage of "IGRIP" mark misleads and deceives the public by causing the public to believe erroneously that Defendant ACI's products have the sponsorship or approval of Plaintiff FI.

27. Upon information and belief, Defendant ACI has engaged in unfair competition and continues to engage in unfair competition with Plaintiff FI in that Defendant ACI has knowingly, willfully, and fraudulently appropriated Plaintiff FI's mark by adopting a mark for its products that is confusingly similar to that of Plaintiff FI's mark, and not only is there a likelihood of confusion, but upon information and belief, actual confusion has resulted in the marketplace. This attempt by Defendant ACI to trade upon Plaintiff FI's good will and reputation, and to unlawfully appropriate the benefit of Plaintiff FI's years of marketing exposure, constitutes unfair competition by Defendant ACI.

28. The purposely deceptive use of the "IGRIP" mark by Defendant ACI has caused irreparable injury to Plaintiff FI's reputation and good will as symbolized by its "EGRIPS" mark and will continue to cause damage unless Defendant ACI is enjoined from such actions.

**PLAINTIFF'S ORIGINAL COMPLAINT** Page 7
F:\STOR\RLS\FLEXI\ACI\COMPLNT.WPD

## VII. DAMAGES

29.    The amount of actual damages and lost sales sustained by Plaintiff FI and/or profits of Defendant ACI as a direct and proximate result of Defendant ACI's misconduct and violations set forth under Counts One and Two, hereinabove, was not ascertainable at the time of filing this Complaint, but will be ascertained more clearly during pre-trial discovery, and will be pled with more specificity at the conclusion of discovery; however, upon information and belief, such damages are well in excess of $100,000, exclusive of interest and costs.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff FI prays for the following relief:

(a)    That Defendant ACI, its officers, agents, servants, affiliates, employees, attorneys, and representatives and all those in privity or acting in concert with Defendant ACI and each and all of them be preliminarily, and after trial on the merits, permanently enjoined from directly or indirectly:

(i)    using the mark "IGRIP" or any other confusingly similar mark in association with Defendant ACI's products, all of which is confusingly similar to the "EGRIPS" mark of Plaintiff FI, as used in association with its Products;

(ii)    performing any act or using any word, name, style, title, or other mark that is likely to cause confusion, to cause mistake, to deceive, or otherwise mislead the trade or public into believing that Plaintiff FI and Defendant ACI are one in the

same or in some way connected; or that Plaintiff FI is a sponsor of Defendant ACI, or its products; or that Defendant ACI is in some manner affiliated, associated with, or under the supervision or control of Plaintiff FI; or that the products of Defendant ACI originated or are approved by Plaintiff FI; or is likely in any way to lead to the trade or to the public to associate Defendant ACI with Plaintiff FI; and,

(iii)   using any trade practice whatsoever, including those complained of herein, which tend to unfairly compete with or injure Plaintiff FI's business or goodwill;

(b)   That Defendant ACI be required to account for and pay over to Plaintiff FI all gains, profits, and advantages derived by it from the activities herein complained of;

(c)   That all products of Defendant ACI utilizing the "IGRIP" mark, along with all plates, molds, matrices, and other means of making same, shall be delivered up for destruction pursuant to 15 U.S.C. § 1118;

(d)   That Plaintiff FI recover from Defendant ACI treble the amount of damages suffered by Plaintiff FI pursuant to 15 U.S.C. § 1117;

(e)   That the Court award punitive and exemplary damages against Defendant ACI in favor of Plaintiff FI in the sum of no less than $100,000 by reason of Defendant ACI's fraud and palming-off;

(f)     That this case be deemed exceptional and that Plaintiff FI be awarded its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and other applicable laws;

(g)     That Plaintiff FI be awarded its costs of this litigation; and,

(h)     That Plaintiff FI receive all other, further, or different relief as the Court may deem just and proper.

## IX.  JURY DEMAND

30.     Pursuant to Federal Rules of Civil Procedure, Rule 38(b), Plaintiff FI hereby demands a trial by jury in the above-identified action.

Respectfully submitted,

By: _____

RICHARD L. SCHWARTZ
SBN 17869500

WHITAKER CHALK SWINDLE & SAWYER L.L.P.
301 Commerce Street, Suite 3500
Fort Worth, TX 76102-4186
(817)878-0500
Fax: (817)878-0501

ATTORNEYS FOR PLAINTIFF
FLEXIBLE INNOVATIONS, LTD.

## The United States of America

# CERTIFICATE OF REGISTRATION

## PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

***To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date.*** *(See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)*



Director of the United States Patent and Trademark Office

Int. Cl.: 17

Prior U.S. Cls.: 1, 5, 12, 13, 35 and 50

## United States Patent and Trademark Office

Reg. No. 2,899,410

Registered Nov. 2, 2004

## TRADEMARK
### PRINCIPAL REGISTER

## EGRIPS

FLEXIBLE INNOVATION, LTD (PARTNERSHIP)
3816 CANDLELITE COURT
FORT WORTH, TX 761093424

FOR: ELASTOMERIC APPLIQUE FOR PLACE-MENT ONTO HANDHELD ELECTRONIC DEVICES TO PROVIDE ANTI-SLIP AND SHOCK ABSORP-TION, IN CLASS 17 (U.S. CLS. 1, 5, 12, 13, 35 AND 50).

FIRST USE 6-5-2003; IN COMMERCE 6-5-2003.

SER. NO. 78-200,215, FILED 1-6-2003.

KATHERINE STOIDES, EXAMINING ATTORNEY

2



& CHECK OUT

HOME | ABOUT US | CONTACT US | SEARCH | ORDER INFO

Hot NEW Product ▶

NATIONAL GEOGRAPHIC MOUSE MATS

Search By Product

**WHAT'S HOT**

**Air Fresheners**

**Computer Accessories**

**Automotive Accessories**

**CD/DVD Media Storage**

**Fitness & Fun**

VIEW LARGER IMAGE

**iGrip™ Sticky Pad®**

MSRP  $8 99

Features:
• Holds iPod™ on Dash
• Clings to Any Dash
• Washable, Removable, Reusable
• Temperature Resistant
• Non-Magnetic
• No Adhesives

TESTIMONIALS

Size: 5 3/4" x 3 3/4" x 1/8"
Color: White
iGrip™ FAQ

ADD TO CART ▶



**Related Products:**

| | | |
|---|---|---|
| iPak™ Color. Black | MSRP  $39 99 | VIEW PRODUCT |
| Sticky Pad® Color: Black | MSRP  $6.99 | VIEW PRODUCT |
| Jelly Sticky Pad® Colors: Black, Blue, Red | MSRP  $8 99 | VIEW PRODUCT |

• DOWNLOAD IMAGES      • PRODUCT SAFETY      • SALES SHEETS      • RETAIL LOCATOR      • PROMOTIONAL PRODUCTS

Copyright © 2005 American Covers, Inc. dba HandStands®- All Rights Reserved

JS 44 (Rev 11/04)

**CIVIL COVER SHEET** ~~ORIGINAL~~

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Flexible Innovations, Ltd.

**DEFENDANTS**
American Covers, Inc. d/b/a HandStands

2005 JAN 13 PM 1:39

**(b)** County of Residence of First Listed Plaintiff   **Tarrant**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U S PLAINTIFF CASES ONLY)
NOTE  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Richard L. Schwartz, Whitaker, Chalk, Swindle & Sawyer, L.L.P.,
301 Commerce St., Ste. 3500, Fort Worth, TX 76102-4186; (817)878-0524, Fax:
(817)878-0501

Attorneys (If Known)

**4-05 CV-021-A**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U S Government Not a Party)
- ☐ 2  U S Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 720 Labor/Mgmt Relations | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 540 Mandamus & Other | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | ☐ 550 Civil Rights | **LABOR** | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U S Plaintiff or Defendant) | |
| | | | ☐ 791 Empl Ret Inc Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | |

Note: FORFEITURE/PENALTY column also lists ☐ 790 Other Labor Litigation and ☐ 791 Empl Ret Inc Security Act.

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U S C § 1051 et seq
Brief description of cause:
Infringement of federal trademark rights and federal unfair competition

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE                    DOCKET NUMBER

DATE  **01.13.2005**
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #  5146   AMOUNT  $150.00   APPLYING IFP   JUDGE  A   MAG JUDGE