FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT WORTH DIVISION

2005 JUL 14  PM 3:03

CLERK OF COURT

Stephen C. Maxwell (State Bar No. 13258500)
MAXWELL & KNOWLES, PC
100 East 15th Street, Suite 120
Fort Worth, Texas 76102
Telephone: (817) 885-8899
Facsimile: (817) 885-8499

Peter M. deJonge (Utah Bar No. 7185)
Gordon K. Hill (Utah Bar No. 9361)
THORPE NORTH & WESTERN, LLP
8180 South 700 East, Suite 200
Sandy, Utah 84070
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| FLEXIBLE INNOVATIONS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN COVERS, INC., d/b/a HANDSTANDS, <br><br> Defendant. | CIVIL ACTION NO. <br> 4-05-CV-021-A <br><br> **MEMORANDUM SUPPORTING DEFENDANTS MOTION TO DISMISS** |
|---|---|

1

## MEMORANDUM SUPPORTING DEFENDANT'S MOTION TO DISMISS

The Defendant, American Covers, Inc. (hereinafter "American Covers") moves this court to dismiss the current action in favor of a previously pending action in the United States District Court for the District of Utah, Central Division.

## FACTUAL BACKGROUND

Plaintiff, Flexible Innovations, Ltd. (hereinafter "Flexible Innovations") filed a complaint with this Court on or about January 13, 2005 (hereinafter "TX Complaint I"). TX Complaint I alleged two counts: Count I alleged trademark infringement by American Covers under the Lanham Act, and Count II alleged common law violations of Flexible Innovations' trademark rights and related unfair competition.

American Covers filed a complaint in District Court of Utah on or about February 1, 2005 (hereinafter "UT Complaint," filed with this Court as Exhibit D to Plaintiff's First Amended Complaint on or about February 9, 2005). The UT Complaint alleges two counts: one count of patent infringement against Flexible Innovations, and one count alleging violations by Flexible Innovations of Utah unfair competition laws. The UT Complaint was not served immediately, although a copy of the UT Complaint was mailed to Flexible Innovations on or about February 1, 2005. The UT Complaint alleges that at least one product manufactured, marketed and sold by Flexible Innovations infringes at least one claim of U.S. Patent No. 6,673,409 entitled FRICTIONAL HOLDING PAD, which issued to the inventor, Alan J. Wheatley on January 6, 2004 (hereinafter "the '409 Patent").

Flexible Innovations filed Plaintiff's First Amended Complaint with this Court on or about February 9, 2005 (hereinafter "TX Complaint II"). TX Complaint II includes Count I and

2

Count II from TX Complaint I, and also includes a third count requesting a declaratory judgment from this Court that Flexible Innovations does not infringe any claim of the `409 Patent, and that each claim of the `409 Patent is invalid.

On May 18, 2005, this Court signed an Agreed Partial Consent Judgment that dismissed with prejudice Count I and Count II of TX Complaint II. The third count regarding Flexible Innovations' request for a declaratory judgment was not affected by the Agreed Partial Consent Judgment.

The current deadline for American Covers to file a response to TX Complaint II is July 15, 2005. The parties have previously negotiated a settlement with respect to Count I and Count II in TX Complaint II. However, the case has not moved forward in any substantial manner in that the case is still in its initial stages.

## ARGUMENT

This Court has discretion as to whether it will hear and decide Flexible Innovations' declaratory judgment action. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287-88, 132 L.Ed.2d 214, 115 S.Ct. 2137 (1995); *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003). In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 289.

The Fifth Circuit has provided a three step test when determining whether to dismiss a declaratory judgment action: (1) whether the declaratory judgment action is justiciable; (2) whether the court has authority to grant declaratory relief; and (3) whether the court should

exercise its discretion to dismiss the action. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 819, 895 (5th Cir. 2000).

The Fifth Circuit has also provided seven non-exclusive factors for a court to consider in deciding whether to dismiss a declaratory judgment action: (1) whether there is a pending state action in which all the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or to change forums; (5) whether the federal court is a convenient forum for the parties and the witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

For purposes of Defendant's Motion to Dismiss before this Court, factors (1) and (7) are not relevant because no state action is pending.

There are two factors related to forum shopping and anticipation of litigation factors listed above that this Court may consider. To begin with, the "first-to-file" rule provides that once it is established that there is a substantial overlap between two cases, the court in which the case is first filed decides which of the cases should proceed. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999). Also, there is a general policy that "a party whose rights are [apparently] being infringed should have the privilege of electing where to enforce its rights." *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F.Supp. 994 (E.D. Tex. 1999). Both

of these principles weigh toward a finding that this case should be dismissed in favor of the action based on the UT Complaint.

With regards to all claims of patent infringement, American Covers filed its claim in the District Court of Utah before Flexible Innovations filed any related claim with this Court. Flexible Innovations was allowed to elect where it wished to enforce its trademark rights, and American Covers should be allowed the same privilege. Moreover, when a party has notice that it may face the same claims in a separate action, as Flexible Innovations obviously had notice of the UT Complaint, a court will generally not allow a party to secure its preferred forum by filing a declaratory judgment. *See, 909 Corp. v. Village of Bolingbrook Police Pension Fund*, 741 F.Supp. 1290, 1292 (S.D. Tex. 1990).

Furthermore, judicial economy would be better served by dismissing the current action and allowing the action based on the UT Complaint to proceed. All the claims in the current action have been resolved with the declaratory judgment action being the sole exception. The UT Complaint encompasses allegations of patent infringement, and related state unfair competition claims, which unfair competition claims would not be addressed by a declaratory judgment action in this Court.

## CONCLUSION

American Covers, and all the relevant *Trejo* factors, urges this Court to exercise its discretion and dismiss the current declaratory judgment action. American Covers filed its claims of patent infringement in a separate action before Flexible Innovations brought its declaratory judgment action. American Covers should have the privilege of choosing where to enforce its patent rights. Judicial economy suggests the dispute between the parties would be more fully

adjudicated in the previously filed action. Therefore, American Covers respectfully requests that this Court dismiss Flexible Innovations' declaratory judgment claim, thereby dismissing the remainder of the current action.

DATED: July 14, 2005          MAXWELL & KNOWLES, PC

_____
Stephen C. Maxwell
State Bar No. 13258500

MAXWELL & KNOWLES, PC
100 East 15th Street, Suite 120
Fort Worth, Texas 76102
Telephone: (817) 885-8899
Facsimile: (817) 885-8499

Peter M. de Jonge
Gordon K. Hill
THORPE NORTH & WESTERN, LLP
8180 South 700 East, Suite 200
Sandy, Utah 84070
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing MEMORANDUM SUPPORTING DEFENDANT'S MOTION TO DISMISS was served upon Defendant's counsel by depositing a copy of the same with the United States Post Office via first class mail, postage prepaid, in an envelope addressed to:

Richard L. Schwartz
WHITAKER CHALK SWINDLE & SAWYER, L.L.P.
301 Commerce Street, Suite 3500
Fort Worth, TX 76102-4186

Peter M. de Jonge
Gordon K. Hill
THORPE NORTH & WESTERN, LLP
8180 South 700 East, Suite 200
Sandy, UT 84070-0562

on this 14 day of July, 2005.

_____
Stephen C. Maxwell

7