

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FLEXIBLE INNOVATIONS, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:05-CV-021-A |
| | § | |
| AMERICAN COVERS, INC., d/b/a | § | |
| HANDSTANDS, | § | |
| | § | |
| Defendant. | § | |

ORDER

Came on for consideration the motion of defendant, American Covers, Inc., to dismiss. The court, having considered the motion, the response of plaintiff, Flexible Innovations, Ltd., the reply, the record, and applicable authorities, finds that the motion should be granted.

On January 13, 2005, plaintiff filed its original complaint in this action, asserting claims for trademark infringement. On February 9, 2005, plaintiff filed its first amended complaint, including a count seeking declaratory judgment that it had not infringed a certain patent owned by defendant. In the meantime, on February 1, 2005, defendant filed a complaint in the United States District Court for the District of Utah, Central Division, under Case No. 2:05-CV-00083 DAK, (the "Utah action"), alleging that plaintiff here had infringed its patent and engaged in unfair competition under Utah law. On May 18, 2005, the court signed an agreed partial consent judgment in this action by which

it dismissed the trademark infringement claims, leaving only the declaratory judgment count pending.

Defendant contends that this action should be dismissed so that the Utah action, as the first-filed action as to the patent matter, may proceed. Plaintiff responds that, because this case was first filed, the action should remain pending here. The court is not persuaded, however, that plaintiff's amended complaint, filed after the Utah action, should relate back to the original complaint so as to be the first filed with regard to the issue of patent infringement. Moreover, a court generally will not allow a party to secure its preferred forum by filing a declaratory judgment action, since a district court is not required to provide declaratory relief. See <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 227, 288 (1995); <u>909 Corp. v. Village of Bolingbrook Police Pension Fund</u>, 741 F. Supp. 1290, 1292 (S.D. Tex. 1990). A declaratory claim should be dismissed if it was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction. <u>Mission Ins. Co. v. Puritan Fashions Corp.</u>, 706 F.2d 599, 602 & n.3 (5th Cir. 1983); <u>909 Corp.</u>, 741 F. Supp. at 1292. Such is the case here. Defendant should be entitled to its choice of forum as to the patent infringement claims. The court has no reason to believe that plaintiff would be prejudiced by pursuit of those claims in Utah.

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiff's remaining claim in the above-captioned action be, and is hereby, dismissed in deference to the Utah action.

SIGNED August 17, 2005.

_____
JOHN McBRYDE
United States District Judge