

CTS ORIGINAL

Stephen C. Maxwell (State Bar No. 13258500)
MAXWELL & KNOWLES, PC
100 East 15th Street, Suite 120
Fort Worth, Texas 76102
Telephone: (817) 885-8899
Facsimile: (817) 885-8499

Peter M. deJonge (Utah Bar No. 7185)
Gordon K. Hill (Utah Bar No. 9361)
THORPE NORTH & WESTERN, LLP
8180 South 700 East, Suite 200
Sandy, Utah 84070
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FLEXIBLE INNOVATIONS, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN COVERS, INC., d/b/a HANDSTANDS,<br><br>Defendant. | CIVIL ACTION NO.<br>4-05-CV-021-A<br><br>**MEMORANDUM OPPOSING MOTION FOR CONTEMPT**<br><br>**(Part I: Unsealed Portion)** |

## MEMORANDUM OPPOSING MOTION FOR CONTEMPT

Defendant American Covers, Inc. (hereinafter "American Covers") urges this Court to deny Plaintiff's Motion for Contempt because Plaintiff's motion is untimely and Plaintiff is not entitled to the requested relief.

American Covers is presenting its opposition in two parts. The first part is presented in an unsealed capacity because it does not contain any confidential material. This unsealed portion

1

explains why Flexible Innovations is not entitled to the requested relief because Flexible

Innovations' Motion for Contempt is untimely and because Flexible Innovations has acted in bad

faith in the filing of its Motion for Contempt.

The second part is presented in a sealed capacity because it does contain references to the

Settlement Agreement which are considered confidential.  In the sealed portion, American

Covers demonstrates that it has not violated the Settlement Agreement and Flexible Innovations

is in breach of the Settlement Agreement.  American Covers is also simultaneously moving this

Court to accept the second part II sealed portion of its Opposition Memorandum.


## ARGUMENT

### I.  The Consent Judgment is an Instrument for Enforcing One Specific Aspect of the Settlement Agreement

The first issue this Court must consider is whether the Agreed Partial Consent Judgment

(hereinafter "Consent Judgment") signed by this Court on May 18, 2005, should stand alone

when determining Flexible Innovations' Motion for Contempt or whether the Consent Judgment

should be interpreted in light of the Settlement Agreement entered into by Flexible Innovations

and American Covers on May 10, 2005.   American Covers believes that this Court cannot

enforce the Consent Judgment without understanding the Consent Judgment's overall role in the

overall framework of the Settlement Agreement.

Consent Judgments are commonly executed as part of a larger settlement framework.

> Consent decrees have elements of both contracts and judicial decrees.  A consent
> decree embodies an agreement of the parties and is also an agreement that the
> parties desire and expect will be reflected in, and be enforceable as, a judicial
> decree that is subject to the rules generally applicable to other judgments and
> decrees.

*U.S. v. City of Jackson*, 359 F.3d 727, 732 (5th Cir. 2004) *quoting Frew v. Hawkins*, 504 U.S.

431, 437 (2004) (internal quotations and citations omitted).  The Consent Judgment signed by

this Court notes that a settlement agreement was reached between Flexible Innovations and

American Covers.  *See*, Appendix Exhibit A, App. Page 1.  The Settlement Agreement may be

seen as the "contract" portion of the Consent Judgment, which is the "judicial decree."  The

Settlement Agreement serves as the basis for the Consent Judgment.  As part of the Settlement

Agreement, the Consent Judgment allows Flexible Innovations to enforce certain very specific

terms of the Settlement Agreement under specific circumstances without having to initiate a new

civil action.  Therefore, the terms of the Settlement Agreement are necessary for understanding

and interpreting the terms and scope of the Consent Judgment.

Flexible Innovations also asserts that the Settlement Agreement is the basis of the

Consent Judgment.  In its Motion for Contempt, Flexible Innovations notes that Flexible

Innovations and American Covers entered into the Settlement Agreement and continues,

"[p]ursuant thereto, the parties submitted an Agreed Partial Consent Judgment to the Court."

*See*, Motion for Contempt, paragraphs 4 and 5.  Accordingly, this Court should utilize the

Settlement Agreement to interpret the terms and scope of the Consent Judgment.

## II.      **Flexible Innovations' Motion is Untimely**

Flexible Innovations has not complied with Local Rule 7.1, parts (a) and (b), in filing its

Motion for Contempt.  The Local Rule requires that a conference be held between the parties

before the filing of a motion for contempt.  No such conference was held.

Counsel for Flexible Innovations attempted to contact counsel for American Covers on

February 13, 2006; counsel for Flexible Innovations left a voice mail and sent an electronic mail

message on that day alleging American Covers was in contempt of the Consent Judgment and

stating that Flexible Innovations was going to file a Motion for Contempt. *See*, Appendix

Exhibit B, App. Page 5. On that same day, counsel for American Covers attempted to contact

American Covers in order to become more fully aware of the surrounding facts and

circumstances. On February 14, 2006, counsel for American Covers called counsel for Flexible

Innovations, and after attempting to discuss the situation, was informed that Flexible Innovations

had already filed its Motion for Contempt the previous day.

Flexible Innovations clearly had no intention of conducting any meaningful conference

with American Covers before filing its Motion for Contempt. Indeed, no conference was held

before the filing of the Motion for Contempt. The Certificate of Conference filed by Flexible

Innovations should also be considered inadequate because it does not provide Flexible

Innovations' explanation as to why a conference could not be held.

These actions are in violation of Local Rules 7.1 (a) and (b). Flexible Innovations'

Motion for Contempt should be considered untimely.

### III.    Flexible Innovations Is Not Entitled to the Equitable Relief Sought

The doctrine of "unclean hands" precludes a plaintiff from obtaining an equitable remedy

if they have not acted equitably themselves. "The doctrine is applied where a plaintiff's conduct

'has been unconscientious, unjust, marked by a want of good faith or violates the principles of

equity and righteous dealing.'" *Bank of Saipan v. CNG Fin. Corp.*, 380 F.3d 836, 840 (5th Cir.

2004), *quoting City of Fredericksburg v. Bopp*, 126 S.W.3d 218, 221 (Tex. App. – San Antonio

2003).

Flexible Innovations is not entitled to the equitable relief[1] sought by its Motion for

Contempt because Flexible Innovations is in violation of the Consent Judgment. The Consent

Judgment clearly establishes that the "terms of [the] settlement agreement are confidential." *See*,

Appendix Exhibit A, App. Page 1. However, Flexible Innovations actually quotes terms of the

Settlement Agreement in its Motion for Contempt, and in the Affidavit of Fred Antonini. *See*,

Motion for Contempt, paragraph 11, and Affidavit of Fred Antonini, paragraph 8.

As an example of Flexible Innovations' lack of good faith in filing its Motion for

Contempt, Flexible Innovations asserts that American Covers is using "GRIPS" as a trademark.[2]

*See*, Motion for Contempt, paragraph 10. This is an intentional mischaracterization by Flexible

Innovations.[3] The trademark "GADGET GRIPS" is being used by American Covers, and

American Covers asserts that such use is not a violation of the Consent Judgment. Moreover,

American Covers' use of the trademark "GADGET GRIPS" is completely irrelevant to any

claims made by Flexible Innovations under the Consent Judgment.

Flexible Innovations' violations of the Local Rules in filing its Motion for Contempt also

demonstrate a lack of good faith in the filing of its motion. For these reasons, American Covers

asserts that Flexible Innovations is not entitled to the equitable relief sought because Flexible

Innovations has violated the Consent Judgment, and has pursued this Motion for Contempt in

bad faith.

---

[1] It is well-established that an injunction, and in this case resulting damages, is considered equitable relief. *See*, *Bauhaus USA, Inc. v. Copeland*, 292 F.3d 439, 455 (5th Cir. 2002).

[2] Flexible Innovations introduces the trademark as being "'GRIPS' as modified by the word 'Gadget.'" *See*, Motion for Contempt, paragraph 10. However, the remainder of Flexible Innovations' Motion for Contempt refers to the trademark as only "GRIPS," a portion of the complete, actual trademark "GADGET GRIPS."

[3] Counsel in *City of Jackson* received a reminder regarding the duty of candor to the court. *See*, *City of Jackson*, 359 F.3d at 732 n.9. A similar reminder may be warranted in this case.

## IV.    Any Damages This Court May Impose on American Covers Should Be Minimal

In the event this Court is inclined to grant Flexible Innovations' Motion for Contempt and assess damages, American Covers asserts that any such damages should be commensurate with the offense, and therefore, minimal.

This Court has broad discretion in evaluating and assessing damages in a civil contempt proceeding. *See, American Airlines, Inc. v. Allied Pilots Association*, 228 F.3d 574, 585 (5th Cir. 2000). Damages in a civil contempt proceeding may be employed for either or both of two purposes: (1) coerce compliance with the court's order; and (2) compensate the complainant for losses sustained. *Id.*

While recognizing a possible award of "more abstract damages," "the law of the Fifth Circuit requires that compensatory damages in a civil contempt action be proved with a reasonable degree of certainty." *Mendoza v. Regis Corporation*, Civil Action No. SA-01-CA-0937 FB (NN); 2005 U.S. Dist. LEXIS 16687 at *23-24 (W.D. Tex. Aug. 11, 2005).

The harm to the complainant from any non-compliance, the effectiveness of any sanction, and the intent of the contemnor are all factors the Court may consider in evaluating possible damages. *See, Washington Mutual Bank, F.A. v. Condit*, Civil Action No. 5:01-CV-250-C; 2003 U.S. Dist. LEXIS 19596 at *3-4 (N.D. Tex. Nov. 3, 2003), *citing United States v. United Mine Workers*, 330 U.S. 258, 302-04 (1947).

In this case, Flexible Innovations has not presented any evidence of actual harm or loss. American Covers has already taken steps to not only correct the circumstances complained of by Flexible Innovations and prevent any similar, future actions, but also attempted to reasonably

compensate Flexible Innovations for the complained of actions. The actions complained of by Flexible Innovations were unintentional and uncharacteristic.

The Declaration of Alan J. Wheatley establishes numerous facts indicating that any damage to Flexible Innovations based on the complained of actions was minimal, and has been corrected. First of all, the appearance of frictional pads labeled "iGrip" at the Consumer Electronics Show in Las Vegas, Nevada, in early January 2006 was unintentional. *See*, Wheatley Declaration, Appendix Exhibit C, paragraphs 10-15, App. Pages 8-9. American Covers has established a pattern of not using frictional pads labeled "iGrip" at numerous previous trade shows. *Id.*, at paragraph 17, App. Pages 9-10. Despite references to the trademark "iGrip" on American Covers' website, no product labeled "iGrip" has been available from American Covers' website since May 2005, and all references to "iGrip" have been removed from the website.[4] *Id.*, at paragraphs 20-21, App. Page 10. All actions of which Flexible Innovations has complained to American Covers have been rectified as soon as practicable. *Id.*, at paragraph 22, App. Page 11.

Considering all these factors, and assuming this Court did decide that an award of damages to Flexible Innovations was warranted, any award of damages should be minimal based on the minimal nature of any offense, Flexible Innovations' lack of any evidence of actual loss, and American Covers' actions in responding to Flexible Innovations' complaints in a timely and complete manner.

---

[4] Flexible Innovations has threatened to accuse American Covers of spoliation of evidence for making any changes to American Covers' website. *See*, Appendix Exhibit B, App. Page 3. However, this threat by Flexible Innovations seems incongruent with its request that American Covers stop using the "iGrip" trademark. Moreover, the information contained in the Declaration of Alan J. Wheatley makes evidence of the previous state of the website unnecessary.

**V.      The Sealed Portion of this Memorandum Further Establishes that Flexible Innovations Is Not Entitled to Any Relief**

American Covers has not violated the Settlement Agreement. Flexible Innovations is currently in breach of the Settlement Agreement. The terms of the Settlement Agreement are considered confidential by the parties. Therefore, American Covers details these arguments in the sealed portion of this memorandum opposing Flexible Innovations' Motion for Contempt.

## CONCLUSION

In summary, Flexible Innovations' Motion for Contempt should be denied. Flexible Innovations is not entitled to the equitable relief sought because it is in violation of the Agreed Partial Consent Judgment, and has pursued its Motion for Contempt in bad faith. Flexible Innovations' Motion for Contempt is also untimely, and should be dismissed. American Covers respectfully requests that this Court deny Flexible Innovations' Motion for Contempt.

DATED: February 22, 2006           Respectfully Submitted,


Stephen C. Maxwell
MAXWELL & KNOWLES, PC
100 East 15th Street, Suite 120
Fort Worth, Texas 76102
Telephone: (817) 885-8899
Facsimile: (817) 885-8499

Peter M. deJonge (Utah Bar No. 7185)
Gordon K. Hill (Utah Bar No. 9361)
THORPE NORTH & WESTERN, LLP
8180 South 700 East, Suite 200
Sandy, Utah 84070
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

MEMORANDUM OPPOSING MOTION FOR CONTEMPT (Unsealed Portion) was served

upon Plaintiff's counsel by depositing a copy of the same with the United States Post Office via

first class mail, postage prepaid, in an envelope addressed to:

> Richard L. Schwartz
> WHITAKER CHALK SWINDLE & SAWYER, L.L.P.
> 301 Commerce Street, Suite 3500
> Fort Worth, TX 76102-4186

on this _22_ day of ___February___, 2006.