ORIGINAL

Stephen C. Maxwell (State Bar No. 13258500)
MAXWELL & KNOWLES, PC
100 East 15th Street, Suite 120
Fort Worth, Texas 76102
Telephone: (817) 885-8899
Facsimile: (817) 885-8499

Peter M. deJonge (Utah Bar No. 7185)
Gordon K. Hill (Utah Bar No. 9361)
THORPE NORTH & WESTERN, LLP
8180 South 700 East, Suite 200
Sandy, Utah 84070
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FLEXIBLE INNOVATIONS, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN COVERS, INC., d/b/a HANDSTANDS,<br><br>Defendant. | CIVIL ACTION NO. 4-05-CV-021-A<br><br>**APPENDIX TO DEFENDANT'S MEMORANDUM OPPOSING MOTION FOR CONTEMPT**<br><br>**(Unsealed Portion)** |

**APPENDIX**

| Exhibit | Description | Appendix Page Nos. |
|---|---|---|
| A | Agreed Partial Consent Judgment | 1-2 |
| B | Electronic Mail Communication (Redacted) Correspondence between counsel for the Parties dated from February 13, 2006, to February 16, 2006. | 3-5 |

| **Exhibit** | **Description** | **Appendix Page Nos.** |
| --- | --- | --- |
| C | Declaration of Alan J. Wheatley (Unsealed Portion) | 6-15 |

DATED: February 22, 2006.

Respectfully Submitted,

Stephen C. Maxwell
MAXWELL & KNOWLES, PC
100 East 15th Street, Suite 120
Fort Worth, Texas 76102
Telephone: (817) 885-8899
Facsimile: (817) 885-8499

Peter M. deJonge (Utah Bar No. 7185)
Gordon K. Hill (Utah Bar No. 9361)
THORPE NORTH & WESTERN, LLP
8180 South 700 East, Suite 200
Sandy, Utah 84070
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing APPENDIX TO DEFENDANT'S MEMORANDUM OPPOSING MOTION FOR CONTEMPT (Unsealed Portion) was served upon Plaintiff's counsel by depositing a copy of the same with the United States Post Office via first class mail, postage prepaid, in an envelope addressed to:

Richard L. Schwartz
WHITAKER CHALK SWINDLE & SAWYER, L.L.P.
301 Commerce Street, Suite 3500
Fort Worth, TX 76102-4186

on this 22 day of February, 2006.

[signature]

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 18 2005
CLERK, U.S. DISTRICT COURT
By ______ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FLEXIBLE INNOVATIONS, LTD., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4-05-CV-021-A |
| | § | A JURY IS DEMANDED |
| AMERICAN COVERS, INC. d/b/a HANDSTANDS, | § | |
| | § | |
| Defendant. | § | |

## AGREED PARTIAL CONSENT JUDGMENT

On this day it was made known to the Court that the parties have partially compromised and settled the above-referenced matter, which terms of such settlement agreement are confidential, and that the parties desire that the Court enter this Agreed Partial Consent Judgment.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that:

1. Jurisdiction is proper over the parties;

2. Flexible Innovations, Ltd. is the owner of all right, title, and interest in and to the mark and U.S. Trademark Registration No. 2,899,410 and all goodwill appertaining thereto;

3. American Covers, Inc. is enjoined from using "IGRIP" in association with its frictional holding products;

4. All trademark claims made in the above-referenced matter, to wit, Count One and Count Two of Plaintiff's First Amended Complaint are hereby dismissed with prejudice;

5. Nothing herein affects Count Three of Plaintiff's First Amended Complaint; and,

6. Each of the parties hereto shall bear its own costs and attorneys' fees incurred in this action to date.

~~IT IS SO ORDERED~~ Signed on this 18 day of ~~April~~ May 2005

John H. McBryde
United States District Judge

AGREED AS TO FORM
AND CONTENT:

By: RICHARD L. SCHWARTZ
SBN 17869500

WHITAKER CHALK SWINDLE & SAWYER L.L.P.
301 Commerce Street, Suite 3500
Fort Worth, TX 76102-4186
(817)878-0500
Fax: (817)878-0501
rschwartz@whitakerchalk.com

ATTORNEYS FOR PLAINTIFF
FLEXIBLE INNOVATIONS, LTD.

By: PETER M. DE JONGE

THORPE NORTH AND WESTERN, LLP
8180 South 700 East, Ste. 200
Sandy, Utah 84070-0562
(801)566-6633
Fax: (801)566-0750
dejonge@tnw.com

ATTORNEYS FOR DEFENDANT
AMERICAN COVERS, INC. d/b/a
HANDSTANDS

Gordon K. Hill

From: Rocky Schwartz [rschwartz@whitakerchalk.com]
Sent: Thursday, February 16, 2006 9:21 AM
To: Peter deJonge
Cc: dsullivan@maxlawyers.com; Gordon K. Hill
Subject: RE: Flexible Innovations v American Covers

REDACTED

Peter ...
Thank you for your extended diatribe on the local rules and the conferencing requirement ..
As I mentioned to you in our telephone conference [ admittedly 1 day after I attempted contact ] .... you have had a well documented history of being unavailable for contacts that we have initiated ... and I quite properly assumed that your non responsiveness continued that history ....
While contact with Gordon Hill has been on non-substantive issues in the past ... I will now note that he has your authorization to deal with substantive issues in the future ... and we will act accordingly ...
What is noteworthy about your email is that there is no statement that ACI has stopped or is stopping the contemptuous conduct ... and indeed it continues to date ... some 9 months after the entry of the Court Order ...
Your own email supports my Certificate of Conference ... that the Motion for Contempt is opposed ....
ACI was enjoined from using "IGRIP" in May 2005 in association with frictional holding products .... yet it continues to violate this mandate to this day ... at a minimum ... at the Las Vegas CES Trade Show and on its website ...
I remind you that any changes now made by ACI in the face of this Motion for Contempt will be treated as an intentional spoliation of evidence ....
Flexible does not consider ACI's continued use of "IGRIP" a breach of the Confidential Settlement Agreement [ CSA ] ... it is contempt of a Court Order that is outside the 4 corners of the CSA ....
Flexible considers ACI's adoption and use of "GRIPS" or "Gadget GRIPS" a breach of the CSA ...

Flexible has no intention of withdrawing its Motion for Contempt ...
Per Judge McBryde's Order dated 02.15.06 ... ACI has until 02.22.06 to respond to Flexible's paperwork ....
We will see you in court ...
Regards ... Rocky

-----Original Message-----
From: Peter deJonge [mailto:DeJonge@tnw.com]
Sent: Wednesday, February 15, 2006 3:14 PM
To: Rocky Schwartz
Cc: dsullivan@maxlawyers.com; Gordon K. Hill
Subject: RE: Flexible Innovations v American Covers

Rocky,

We are disappointed that you have decided to move forward prematurely in filing your Motion for Contempt in the matter regarding Flexible Innovations and American Covers. We hereby request that you withdraw your Motion for Contempt on or before February 23, 2006, and notify us of such withdrawal on or before February 24, 2006. We feel withdrawal of your Motion is required for the reasons outlined below.

Local Rule 7.1(a) for the Northern District of Texas requires that a conference be held before a Motion for Contempt is filed. On February 13, 2006, you sent me an electronic mail at 1:23 p.m. and left me a voice message just prior making me aware of your complaint. I attempted to contact my client on that day so that I

could have a better, more complete [illegible]derstanding of the basis of your compl[illegible] I called you the following the day, February 14, 2006, returning your call within twenty-four (24) hours and spoke with you regarding our concerns, whereupon you informed me that you had already filed your Motion for Contempt. This seems to indicate no real intention to confer on your part because you apparently already had your motion prepared and ready to file before you even attempted to contact me. Also, you know that my associate, Mr. Gordon Hill, works with me closely on the matter involving Flexible Innovations and American Covers as your office has contacted him multiple times with regards to the appeal in the Federal Circuit involving these same parties. Yet you made no attempt to contact Mr. Hill after you apparently decided I was "unavailable." It is our position that you have not met the requirement for a conference described in the Local Rules.

Moreover, Local Rule 7.1(b) requires that each Certificate of Conference provide certain information. The Certificate of Conference you provided to the court on February 13, 2006, appears to admit that no conference was held, but does not provide any explanation as to why a conference was not possible, as required by the Local Rule. It is our position that your Certificate of Conference fails to satisfy the requirements of the Local Rules.

REDACTED

For these reasons, we ask that that you withdraw your untimely Motion for Contempt as outlined above. If you have any questions, please do not hesitate to contact me or my associate, Mr. Gordon Hill.

Peter M. de Jonge
THORPE, NORTH & WESTERN
8180 South 700 East Suite 200
Sandy, Utah 84070
phone: (801) 566--6633
fax: (801) 566--0750
e-mail: dejonge@tnw.com

CONFIDENTIALITY NOTICE: This communication, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. Do not read this e-mail if you are not the intended recipient. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please immediately notify us by e-mail, forwarding this to the e-mail address above or by telephone at (801) 566--6633, and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

-----Original Message-----
From: Rocky Schwartz [mailto:rschwartz@whitakerchalk.com]

Sent: Monday, February 13, 2006 [illegible] PM
To: Peter deJonge
Subject: Flexible Innovations v American Covers

Peter ...
As a follow-up to my voice message that I left you today ....
Flexible is filing a Motion for Contempt in Texas for ACI's violations of the Texas Court's Injunctive Order as it continues it use IGRIP in violation of the Court's mandate ...
Flexible is seeking damages and sanctions against ACI , including its attorneys fees for such violations ...
Pursuant to Local Rule ... I have attempted to confer with you on this matter ... and have not reached you ...
I will assume that this Motion is opposed ... and will so indicate ....
Regards ... Rocky

Richard "Rocky" L. Schwartz
Whitaker, Chalk, Swindle & Sawyer, L.L.P.
301 Commerce Street, Suite 3500
Fort Worth, TX 76102-4186
rschwartz@whitakerchalk.com
Direct ..... 817.878.0524
Fax ........ 817.878.0501
Metro ...... 817.429.6268

Steven Maxwell
MAXWELL & KNOWLES, PC
100 East 15th Street, Suite 120
Fort Worth, Texas 76102
Telephone: (817) 885-8899
Facsimile: (817) 885-8499

Peter M. de Jonge (Utah Bar. No. 7185)
Gordon K. Hill (Utah Bar No. 9361)
THORPE NORTH & WESTERN, LLP
8180 South 700 East, Suite 200
Sandy, Utah 84070
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FLEXIBLE INNOVATIONS, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN COVERS, INC., d/b/a HANDSTANDS,<br><br>Defendant. | CIVIL ACTION NO.<br>4-05-CV-021-A<br><br>**DECLARATION OF ALAN J. WHEATLEY** |

**DECLARATION OF ALAN J. WHEATLEY**

1. I, Alan J. Wheatley, declare under penalty of perjury that these statements are true and correct to the best of my knowledge, and if called upon to testify, would testify accordingly.

2. I am above the age of twenty-one years, have never been convicted of a felony or crime of moral turpitude, and am fully competent to make this Declaration.

3. I am the Chief Marketing Officer and part-owner of American Covers, Inc. (hereinafter "American Covers") and as such am duly authorized to make this Declaration on its behalf.

4. American Covers provides a wide range of products to a wide range of consumers, including without limitation, frictional holding pads designed to allow for varied products to be easily secured to and removed from various surfaces. One example of such a surface would be the dashboard of a car.

5. American Covers produced a frictional holding pad that was labeled "iGrip."

6. A lawsuit was filed by Flexible Innovations, Ltd. (hereinafter "Flexible Innovations") against American Covers in the Northern District of Texas on or about January 13, 2005. Flexible Innovations made claims including trademark infringement and unfair competition.

7. A Confidential Settlement Agreement between Flexible Innovations and American Covers was entered into on May 10, 2005. In accordance with the Confidential Settlement Agreement, the parties stipulated to an Agreed Partial Consent Judgment.

8. The Agreed Partial Consent Judgment was signed by the Court on May 18, 2005, stating that "American Covers, Inc. is enjoined from using "IGRIP" in association with its frictional holding products."

9. As a result of the Confidential Settlement Agreement between Flexible Innovations and American Covers, and the related Agreed Partial Consent Judgment, American

Covers discontinued use of the "iGrip" trademark and re-branded that product with the "iSticky Pad" trademark now used by American Covers.

10. Each year, American Covers participates in a trade show called the Consumer Electronics Show (hereinafter "CES") located in Las Vegas, Nevada. CES is an annual trade show in Las Vegas and American Covers has participated in this trade show for many years, including January 2005 and January 2006.

11. American Covers' participation in CES is so extensive that American Covers rents warehouse space in Las Vegas, Nevada, for the purpose of storing American Covers show booth, display products, and some samples of products in close proximity to CES for use in following years, as opposed to incurring the greater cost of shipping their display booth and fixtures and display and some sample products to and from Las Vegas every year for CES.

12. Prior to the Confidential Settlement Agreement, or the Agreed Partial Consent Judgment, in January 2005, American Covers displayed and marketed the "iGrip" product at CES. After the trade show that year, some remaining "iGrip" products were stored in the Las Vegas, Nevada warehouse.

13. In January 2006, I personally inspected the American Covers (Handstands) booth at CES at the initiation of the trade show. No American Covers frictional holding products labeled "iGrip" were initially displayed at American Covers' booth. Only American Covers' "iSticky Pad" products were used and displayed at the beginning of the initiation of CES. See, Exhibit 1 attached hereto.

14. I did not stay in Las Vegas after I initially inspected the American Covers booth at CES. Later, I received a phone call from Mr. Fred Antonini of Flexible Innovations stating that American Covers was using the "iGrip" trademark at CES. Based on my previous inspection of American Covers' display at CES, I assured him American Covers was not using the "iGrip" trademark.

15. My investigation into the matter has led me to the following conclusion: "iSticky Pad" products were removed by trade show attendees from the American Covers display (a common occurrence) after my initial inspection, and an employee of American Covers obtained warehouse samples of the product to replace those previously taken. When American Covers altered the name of the product previously labeled "iGrip" to "iSticky Pad," the SKU Number, or product number, remained the same. Because the product numbers were the same, this employee incorrectly assumed the products would be acceptable for use at CES and happened to take "iGrip" products stored in the warehouse since the previous year.

16. My investigation also leads me to conclude that approximately fifty to one hundred frictional holding products labeled "iGrip" were sold or given away at the CES in Las Vegas, Nevada.

17. Since the entry of the Agreed Partial Consent Judgment, American Covers has participated in approximately twenty-five to thirty total trade shows, including the promotional trade show in Dallas in February 2006 as noted by Flexible Innovations in its Motion for Contempt. American Covers has not displayed any frictional

        holding products labeled as "iGrip" at any other trade show, with the sole exception of CES.

18. Since May of 2005, American Covers has shipped thousands of the new "iSticky Pad" product to distributors and consumers nationwide, in place of the previously used "iGrip" products.

19. American Covers has already taken measures to assure that no other frictional holding products labeled "iGrip" are displayed, marketed, or used in any prohibited manner.

20. Flexible Innovations has also notified American Covers of certain instances where the "iGrip" trademark was found on American Covers' website (www.handstands.com). If one typed "iGrip" into the search engine at American Covers' website, two references were shown on the results page. The first reference stated that images of products could be downloaded and listed "iGrip" as one of the products, however, if one went to the actual webpage hyperlinked on the results page, a product labeled "iGrip" could not be found. The second reference came up on the results page only because the term "iGrip" was still within the source code for the hyperlinked webpage, but again, if one went to that hyperlinked webpage, no product labeled "iGrip" was available and no reference to "iGrip" was displayed.

21. American Covers had already removed the "iGrip" product from its website; the "iGrip" product has not been available through American Covers' website since May of 2005. American Covers has already taken measures to remove all references to "iGrip" previously present on American Covers' website recently brought to American Covers' attention by Flexible Innovations. See, Exhibit 2 attached hereto.

22. Flexible Innovations notified American Covers of its complaints on February 13, 2006. As previously stated, American Covers has already taken steps to cure those actions complained of by Flexible Innovations, and to prevent similar, future actions.

23. American Covers has also offered to pay reasonable damages to Flexible Innovations based on the display of the "iGrip" trademark on American Covers' website and at the Consumer Electronics Show. Moreover, American Covers has assured Flexible Innovations that the actions complained of have been remedied, including precautions to make sure nothing similar will happen in the future.

DATED: February 22, 2006.

[signature] CMO
Alan J. Wheatley
CMO/Owner
American Covers, Inc.

# EXHIBIT 1



APP Page 13

# EXHIBIT 2

Search By Product

- WHAT'S HOT
- Air Fresheners
- iPod/Computer Accessories
- Automotive Accessories
- CD/DVD Media Storage
- Fitness & Fun

Your search for ' **iGrip** ' did not produce any results.

• DOWNLOAD IMAGES • PRODUCT SAFETY • SALES SHEETS • RETAIL LOCATOR • PROMOTIONAL PRODUCTS

Copyright © 2006 American Covers, Inc. dba HandStands® All Rights Reserved