Stephen C. Maxwell (State Bar No. 13258500)
MAXWELL & KNOWLES, PC
100 East 15th Street, Suite 120
Fort Worth, Texas 76102
Telephone: (817) 885-8899
Facsimile: (817) 885-8499

Peter M. de Jonge (Utah Bar No. 7185)
Gordon K. Hill (Utah Bar No. 9361)
THORPE NORTH & WESTERN, LLP
8180 South 700 East, Suite 200
Sandy, Utah 84070
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

**ATTORNEYS FOR DEFENDANT**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FLEXIBLE INNOVATIONS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN COVERS, INC., d/b/a HANDSTANDS, <br><br> Defendant. | CIVIL ACTION NO. <br> 4-05-CV-021-A <br><br> **SUPPLEMENTAL MEMORANDUM OPPOSING MOTION FOR CONTEMPT** |

## MEMORANDUM OPPOSING MOTION FOR CONTEMPT

Defendant American Covers, Inc. (hereinafter "American Covers") hereby submits this Supplemental Memorandum Opposing Plaintiff Flexible Innovations, Ltd.'s (hereinafter "Flexible Innovations") Motion for Contempt. In response to the Court's Order signed February 23, 2006, American Covers submits the Confidential Settlement Agreement entered into by the parties on May 10, 2005, in conjunction with this memorandum.

# ARGUMENT

## I. The Confidential Settlement Agreement Should Be Considered in Conjunction With the Agreed Partial Consent Judgment

The Confidential Settlement Agreement (hereinafter "Settlement Agreement") should be considered in conjunction with the Agreed Partial Consent Judgment (hereinafter "Consent Judgment") when determining the Motion for Contempt. "[W]hen determining the effect to be given a decree entered by consent of the parties, consideration is to be given to their intention with respect to the finality to be accorded the decree as reflected by the record and the words of their agreement." *Kaspar Wire Works, Inc. v. Leco Engineering & Machine, Inc.*, 575 F.2d 530, 540 (5th Cir. 1978) (stating that "[t]he rules applicable to the effect of a judicial determination should not be applied automatically to consent judgments"); *see e.g.*, *North Shore Laboratories Corp. v. Cohen*, 721 F.2d 514, 519-20 (5th Cir. 1983) (using terms of settlement agreement to clarify consent judgment).

Flexible Innovations and American Covers entered into the Settlement Agreement understanding that they would later consent to a decree, or consent judgment. "Within ten (10) business days of the Effective Date of this Agreement, the Parties shall cause, and hereby authorize their respective counsel to execute and file in the Texas Action the Agreed Partial Consent Judgment in substantially the form attached hereto as Exhibit 1." *See*, Supplemental Appendix Exhibit D, APP Page 17. The Consent Judgment also notes "that the parties desire that the Court enter this Agreed Partial Consent Judgment." *See*, Appendix Exhibit A, APP Page 1. Moreover, the parties intended that the Settlement Agreement control, and even contradict, the future consent judgment. "Notwithstanding the contrary provision in the Agreed Partial Consent Judgment, ..." *See*, Supplemental Appendix Exhibit D, APP Page 17.

Under Fifth Circuit law, this Court should analyze the Settlement Agreement in conjunction with the Consent Judgment to determine the intention of the parties and decide the Motion for Contempt in accordance with that intention.

## II.     The Intention of the Parties Provides an Opportunity to Cure Any Alleged Breach

The Settlement Agreement evidences the intention that both parties be provided a thirty (30) day opportunity to cure any alleged breach before the initiation of litigation proceedings. "In any litigation involving a claimed breach or to enforce the terms of this Agreement ... Prior to the institution of any such litigation, the complaining party shall give the opposite party notice and thirty (30) days opportunity to cure any claimed breach or default." Supplemental Appendix Exhibit D, APP Page 19, §8 Settlement Agreement.

Flexible Innovations' Motion for Contempt "involves" a claimed breach. The terms of the Settlement Agreement describe two types of litigation, litigation involving a claimed breach "or" litigation enforcing the Settlement Agreement. Either way, the Settlement Agreement indicates that an accused party is entitled to a thirty (30) day opportunity to cure.

Therefore, American Covers urges this Court to evaluate the Motion for Contempt in light of the parties' stated intention, which is that each party is allowed thirty (30) days to cure any alleged breach.

### 1.     American Covers Should Not Be Held in Contempt Because American Covers Has Cured the Alleged Breach

American Covers has acted in accordance with the Settlement Agreement and cured the breach alleged by Flexible Innovations. The Declaration of Alan J. Wheatley indicates that American Covers has done everything reasonably possible to cure the breach alleged by Flexible Innovations. *See*, Appendix Exhibit C, APP Pages 10-11. These curing actions were completed

by February 22, 2006, which is within ten (10) days of receiving any type of notice from Flexible Innovations. Moreover, American Covers believes its actions were in accordance with the understood intention of the parties, which allows an opportunity to cure. *See*, Supplemental Appendix Exhibit E, APP Page 25. Therefore, American Covers should not be held in contempt.

### 2. Flexible Innovations' Motion for Contempt Should Be Denied Because American Covers Was Denied Any Opportunity to Cure

Flexible Innovations unreasonably denied American Covers any opportunity to cure any alleged breach. Flexible Innovations filed its Motion for Contempt on the same day it notified American Covers of any concerns. As detailed above, the terms of the Settlement Agreement indicate that an opportunity to cure be provided. Accordingly, Flexible Innovations' Motion for Contempt is premature and in breach of the Settlement Agreement. The Motion for Contempt should be denied.

### III. The Narrow Purpose of the Consent Judgment Makes American Covers' Use of "GADGET GRIPS" Irrelevant

The Consent Judgment's narrow purpose is to preclude litigation regarding the "IGRIP" trademark. "[T]he purpose of a consent decree is typically to avoid the litigation of any issue." *Kaspar Wire*, 575 F.2d at 539.

The only trademark subject to the Consent Judgment is the "IGRIP" trademark. *See*, Appendix Exhibit A, App. Page 1. The Consent Judgment allows Flexible Innovations to assert claims regarding the "IGRIP" trademark without filing a new civil action. However, any claim involving a separate trademark requires a separate civil action. Therefore, any claim by Flexible Innovations involving American Covers' use of the "GADGET GRIPS" trademark requires a separate, new civil action. Consequently, American Covers' use of the "GADGET GRIPS" trademark is irrelevant to the current Motion for Contempt.

## CONCLUSION

Based on the foregoing, American Covers urges this Court to deny Flexible Innovation's Motion for Contempt.

DATED: February 28, 2006.              Respectfully Submitted,

_____
Stephen C. Maxwell
MAXWELL & KNOWLES, PC
100 East 15th Street, Suite 120
Fort Worth, Texas 76102
Telephone: (817) 885-8899
Facsimile: (817) 885-8499

Peter M. deJonge (Utah Bar No. 7185)
Gordon K. Hill (Utah Bar No. 9361)
THORPE NORTH & WESTERN, LLP
8180 South 700 East, Suite 200
Sandy, Utah 84070
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing SUPPLEMENTAL MEMORANDUM OPPOSING MOTION FOR CONTEMPT was served upon Plaintiff's counsel by depositing a copy of the same with the United States Post Office via first class mail, postage prepaid, in an envelope addressed to:

Richard L. Schwartz
WHITAKER CHALK SWINDLE & SAWYER, L.L.P.
301 Commerce Street, Suite 3500
Fort Worth, TX 76102-4186

on this 28th day of February, 2006.

_____
STEPHEN C. MAXWELL